UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEC JEFFREY MEGIBOW, M.D., M.P.H.,  :
F.A.C.R., individually, and on behalf of all
similarly situated,                  :

                Plaintiff,      :  1:12-CV-0075 (DNH/ATB)

        -against-          :  REPLY DECLARATION IN
                                     SUPPORT OF MOTION TO DISMISS
CARON.ORG d/b/a CARON NEW YORK,      :
DUANE MORRIS, LLP, WOLFBLOCK LLP,
and MASTER DANA B. KLINGES, ESQ.,    :

                Defendants.    :
------------------------------------------------------------------X

       Pursuant to 28 U.S.C. § 1746, Fran M. Jacobs, declares that the following facts are true and correct, subject to the laws against perjury of the United States of America:

       1.     I am a member of the firm Duane Morris LLP ("Duane Morris"[1]), attorneys pro se and for the other defendants in this action: Caron.org d/b/a Caron New York ("Caron"), WolfBlock LLP ("WolfBlock"), and Dana B. Klinges ("Klinges"). (All of the defendants, including Duane Morris LLP, are referred to together as "Defendants.") I submit this reply declaration in further support of Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6) for an order dismissing the latest complaint filed by plaintiff Alec J. Megibow ("Megibow") on the grounds that (a) the Court lacks subject matter jurisdiction over this action, (b) venue is improper in this District, and (c) the complaint fails to state a claim upon which relief can be granted.

---

[1]    Duane Morris does not have an office in the Northern District of New York.

DM2\3215757.1

2. The sole purpose of this declaration is to put before the Court a true copy of the one additional document referred to in the accompanying reply memorandum of law. The following documents are annexed hereto:

3. Annexed hereto as Exhibit L is a true and correct copy of a Notice of Motion and accompanying affirmation of Anthony M. Bentley ("Bentley"), Megibow's counsel, dated March 5, 2012, without the accompanying exhibits. The Notice of Motion asks the Appellate Division of the State of New York, First Department, to enlarge the time within which Megibow is required to appeal from the state court order at issue in this action on the ground that the "primary jurisdictional issue herein to be adjudicated in the currently pending case between the parties in the Northern District of New York." (Bentley Affirmation ¶ 1.) This is essentially the same relief that Megibow sought in an earlier motion which he withdrew. (See Ex. D to my prior declaration.) Megibow's latest motion leaves no doubt that he is asking this Court to review a state court order which is the subject of an appeal to the Appellate Division.

4. The reasons why Defendants' motion to dismiss should be granted are set forth in the accompanying memorandum of law and reply memorandum. It is respectfully submitted that the motion should be granted in all respects.

Dated: New York, NY
       March 12, 2012

*[signature]*
FRAN M. JACOBS

# EXHIBIT L

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT

| | |
|---|---|
| ALEC J. MEGIBOW, M.D., M.P.H., F.A.C.R., individually, and on behalf of all similarly situated,<br><br>    Plaintiff-APPELLANT,<br><br>    -against-<br><br>CARON. ORG, d/b/a/ CARON NEW YORK, and, WolfBlock LLP,<br><br>    Defendants--RESPONDENTS. | Index No. 115588/10<br><br>**NOTICE OF MOTION** |

SIRS:

    PLEASE TAKE NOTICE that the upon the accompanying affirmation of Anthony M. Bentley, subscribed March 5, 2012, the undersigned will move this Court for an order as follows:

**Relief Sought:**

| | |
|---|---|
| Motion | Enlarge time to perfect appeal. |
| Grounds | CPLR § 2201; §§ 600.2 and 600.11(a)(1) and (a)(3) of the Rules of this Department, and the annexed Affirmation of Anthony M. Bentley, subscribed 3/05/12. |
| Return Date: | March 14, 2012 |
| Place: | SUPREME COURT : STATE OF NEW YORK<br>APPELLATE DIVISION : FIRST DEPARTMENT<br>27 MADISON AVENUE<br>New York NY 10010 |

1

Time:     10: o'clock in the forenoon

Dated:
New York, NY
March 5, 2012

                                                            A.M. Bentley, P.C.
                                                            Counsel  for  Plaintiff-
                                                            APPELLANT
                                                            116 West 72nd Street
                                                            New York NY 10023
                                                            (212) 459-4067

TO:

                              Duane Morris LLP
                              1540 Broadway
                            New York  NY  10036
                   Defendants-APPELLANTS' Counsel

2

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT

| | |
|---|---|
| ALEC J. MEGIBOW, M.D., M.P.H., F.A.C.R., individually, and on behalf of all similarly situated,<br><br>     Plaintiff-APPELLANT,<br><br>          -against-<br><br>CARON. ORG, d/b/a/ CARON NEW YORK, and, WolfBlock LLP,<br><br>     Defendants-RESPONDENTS. | Index No. 115588/10<br><br>**AFFIRMATION** |

Anthony M. Bentley states pursuant to CPLR 2106 as follows:

1. I am an attorney admitted to all the Courts of the State of New York, counsel to plaintiff-appellant herein, personally familiar with the facts of this proceeding, and submit this affirmation under penalty of perjury, in support of appellant's application for an extension of time to perfect this appeal, pending determination of the primary jurisdictional issue herein to be adjudicated in the currently pending case between the parties in the Northern District of New York.

2. Appellant respectfully requests that this appeal, currently due to be perfected on or about March 14, 2012, be extended as to perfection for a period deemed appropriate to this Honorable Court, upon the grounds that (i) defendants improperly (re-)invoked the jurisdiction of

this Court whilst federal jurisdiction on the matter resided exclusively in the District Court for the Southern District of New York; and, (ii) that such impropriety directly and exclusively resulted in the granting of the order appealed from (Ex. "A"), which order further consciously ignored a prior recent controlling order of Judge Goodman (Ex. "B") to the contrary between the parties, thereby wreaking havoc with the issues of comity, and *res judicata*.

3. Responsive to appellant's complaint, respondents removed this case to the Southern District of New York.

4. Responsive to appellant's remand motion, Judge Crotty (formerly Corporation Counsel), in a scalding decision (see Ex. "C"), ordered that the Southern District Clerk remand the action, stopping just short of (*sua sponte*) sanctioning respondents, for frivolous behavior.

5. Prior to the completion of remand, respondents improperly precipitated the assignment of this matter pursuant to a void RJI to the motion court issuing the decision (Ex. "A") whose review is sought herein.

6. The validity of that order ("A"), upon the ground that exclusive jurisdiction was still federally vested when the RJI was successfully, though improperly, filed, is currently the subject of a declaratory judgment action amongst the parties pending (Ex. "D") in the Northern District of New York.

7. Recognising that this Court has always the right to decide matters concerning its own subject matter jurisdiction, but urging that irrespective of the Northern District outcome of the parallel litigation on this issue, appellants, by this motion, respectfully request: (I) that this Court consider the significance of whether the motion court acted properly in (effectively) overruling a controlling prior decision of Judge Goodman on *identical issues between identical parties;* and, (II) grant appellant such additional time to perfect this appeal (which is due, ordinarily, to expire on or about March 14, 2012) as may be deemed appropriate to this Honorable Court.

WHEREFORE and order:

a. Extending appellant's perfection deadline; and, or

b. For such other and/or further relief deem appropriate to this Court,

SHOULD BE GRANTED.

Dated: New York, New York
March 5, 2012

                                  A. M. Bentley, P.C.
                                  Plaintiff-APPELLANTS' Counsel
                                  116 West 72nd Street
                                  New York NY 10023
                                  212.459.4067 FAX 212.877.2868
                                  eMail: amb@bentleylaw.us

TO:               Duane Morris LLP
                   1540 Broadway
                  New York NY 10036
              Defendants-APPELLANTS Counsel

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------X

ECF CASE

CASE NO. **12 cv 75**
(DNH/ATB)

ALEC J. MEGIBOW, M.D., M.P.H., F.A.C.R.,
individually, and on behalf of all similarly
situated,

       Plaintiff,

 -against-

CARON. ORG, d/b/a/ CARON NEW YORK, Duane
Morris, LLP, WolfBlock LLP and, Master Dana
B. Klinges, Esq.,

       Defendants.

---------------------------------------X

DECLARATION OF
ANTHONY M. BENTLEY
IN RESPONSE TO DEFENDANTS'
RULE 12 MOTION FILED 2/13/12

ANTHONY M. BENTLEY declares pursuant to 28 U.S.C. § 1746 as follows:

  1. I am plaintiffs' counsel herein, a member of the bar of this Court, am fully familiar with the facts and proceedings in this case, and I submit this declaration in response to defendant's motion pursuant to Rule 12 filed February 13, 2012.

1

      2. Plaintiffs respond to defendants' present Rule 12 motion pursuant to FRCP Rule 12(d) upon the ground that the former 120 page document, viewed *in toto,* relies principally upon matters "outside the pleading," and all such matters should be either excluded by the Court, or the motion should be treated as defendants' motion for summary judgment.

      3. In the event that the Court elects to exclude such matters as extraneous to the complaint herein, the motion must be denied as baseless.

      4. In the event that the Court does not elect to exclude those "matters outside" the complaint herein, the "parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

      5. Defendant's present motion should therefore be denied without prejudice to resubmission upon such Rule 12(d) treatment as may be deemed appropriate to this Court.

Dated:
New York NY
February 14, 2012

                                                  Respectfully submitted,

                                                  /s/Anthony M. Bentley
                                                  Anthony M. Bentley
                                                  A. M. Bentley, P.C.
                                                  Plaintiff's Counsel
                                                  116 West 72nd Street
                                                  New York NY 10023-3315
                                                  212 459-4067  Fax  877-2868
                                                  eMail: amb@bentleylaw.us