UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALEC JEFFREY MEGIBOW, M.D., M.P.H.,  :
F.A.C.R., individually, and on behalf of all
similarly situated,                  :

           Plaintiff,      :      1:12-CV-0075  (DNH/ATB)

      -against-                   :

CARON.ORG d/b/a CARON NEW YORK,      :
DUANE MORRIS, LLP, WOLFBLOCK LLP,
and MASTER DANA B. KLINGES, ESQ.,    :

           Defendants.     :
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
(212) 692-1000
Attorneys for Defendants and
Attorneys Pro Se

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| Preliminary Statement | 1 |
| ARGUMENT - MEGIBOW HAS NOT COME CLOSE TO SHOWING THAT HIS COMPLAINT CAN SURVIVE DISMISSAL | 2 |
| 1. Rule 12(d) is Inapplicable to a Motion to Dismiss for Lack of Subject Matter Jurisdiction or Improper Venue, and Does Not Preclude Consideration of Documents in the Public Record | 2 |
| 2. The Court Lacks Subject Matter Jurisdiction To Review the State Court Order | 6 |
| 3. Megibow's Residence Has Not Been Established and Is, In Any Event, Irrelevant for Venue Purposes | 8 |
| CONCLUSION | 9 |

TABLE OF AUTHORITIES

Cases                                                                                                                  Page(s)

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S. Ct. 1937 (2009)................................................................................5

Bd. of Managers of the 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., Inc.,
    652 F. Supp. 2d 463 (S.D.N.Y. 2009)..............................................................................5

Big Apple Pyrotechnics & Multimedia, Inc. v. Sparktacular, Inc.,
    2007 U.S. Dist. LEXIS 17163 ..........................................................................................3

Eaves v. Designs for Fin., Inc.,
    785 F. Supp. 2d 229 (S.D.N.Y. 2011)..............................................................................5

Gist v. United States,
    2012 U.S. Dist. LEXIS 5798 (N.D.N.Y. Jan. 17, 2012)...................................................3

Great Am. Ins. Co. v. Houston Gen. Ins. Co.,
    735 F. Supp. 581 (S.D.N.Y. 1990) ..................................................................................6

Hoblock v. Albany County Bd. of Elections,
    422 F.3d 77 (2d Cir. 2005)...............................................................................................7

Kamen v. American Tel. & Tel. Co.,
    791 F.2d 1006 (2d Cir. 1986)..........................................................................................3

Kaminski v. Comm'r of Oneida County Dep't of Soc. Servs.,
    804 F. Supp. 2d 100 (N.D.N.Y. 2011).............................................................................7

Koons v. Kaiser,
    91 F. Supp. 511 (S.D.N.Y. 1950) ....................................................................................8

Madison v. Alves,
    746 F. Supp. 2d 450 (W.D.N.Y. 2010)............................................................................8

Prasco, LLC v. Medicis Pharm. Corp.,
    537 F.3d 1329 (Fed. Cir. 2008).......................................................................................6

Rogers v. United States,
    2010 U.S. Dist. LEXIS 129187 (S.D.N.Y. Nov. 30, 2010).............................................3

Romano v. Kazacos,
    609 F.3d 512 (2d Cir. 2010)..................................................................................3

United States v. Doherty,
    786 F.2d 491 (2d Cir. 1986)..................................................................................6

Wilson v. Deutsche Bank Nat'l Trust,
    410 Fed. Appx. 409 (2d Cir. 2011).......................................................................7

Statutes

28 U.S.C. § 1391(b) ................................................................................................ 2, 8-9

28 U.S.C. § 1391(b)(1) ...................................................................................................8

28 U.S.C. § 1391(c) .......................................................................................................8

28 U.S.C. § 2201 ............................................................................................................6

Other Authorities

Fed. R. Civ. P. 12(d) ................................................................................................. 2-4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEC JEFFREY MEGIBOW, M.D., M.P.H.,  :
F.A.C.R., individually, and on behalf of all
similarly situated,                  :

           Plaintiff,         :      1:12-CV-0075  (DNH/ATB)

           -against-         :

CARON.ORG d/b/a CARON NEW YORK,      :
DUANE MORRIS, LLP, WOLFBLOCK LLP,
and MASTER DANA B. KLINGES, ESQ.,    :

           Defendants.        :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

### Preliminary Statement

In his nominal opposition papers, Megibow[1] does not bother to address the serious issues Defendants raised in their motion to dismiss. He simply makes a few cryptic and irrelevant observations, and glosses over everything else. It is not surprising that Megibow could muster no support for the Complaint. But it is disturbing that, after forcing Defendants to respond to a baseless Complaint filed in an improper venue over 250 miles away from the nearest Defendant's residence, he seems to have exerted so little effort to opposing the motion.

As Defendants showed in their moving papers – and Megibow failed to refute – (a) this Court lacks subject matter jurisdiction over Megibow's claims, (b) venue is improper in this

---

[1] Defined terms have the same meaning in this reply memorandum as in Defendants' main memorandum. Unless otherwise indicated, references to exhibits are to the exhibits annexed to Defendants' moving papers.

District under 28 U.S.C. § 1391(b) regardless of where Megibow resides, and (c) the Complaint fails to state a facially plausible claim. The Complaint should therefore be dismissed.

## ARGUMENT

### MEGIBOW HAS NOT COME CLOSE TO SHOWING THAT HIS COMPLAINT CAN SURVIVE DISMISSAL

To the extent that Megibow says anything in opposition to Defendants' motion to dismiss, it is limited to arguing that (1) the Court should treat the motion to dismiss as a motion for summary judgment under Fed. R. Civ. P. 12(d) because matters outside the pleadings have been presented; (2) the Court has subject matter jurisdiction because Megibow is seeking a declaratory judgment; and (3) venue is proper in the Northern District because Megibow purportedly "maintains a residence in Columbia County." None of these arguments has the slightest merit.

1.  Rule 12(d) is Inapplicable to a Motion to Dismiss for
    Lack of Subject Matter Jurisdiction or Improper Venue, and
    Does Not Preclude Consideration of Documents in the Public Record

Megibow seems to be under the mistaken impression that, whenever a motion to dismiss is made – without regard to the basis of the motion – Fed. R. Civ. P. 12(d) requires a court either to exclude any matters outside the face of the complaint or to convert the motion to dismiss into a motion for summary judgment. The plain language of Rule 12(d) makes clear that Megibow is wrong.

Rule 12(d) provides:

> Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties

>must be given a reasonable opportunity to present all the material that is pertinent to the motion.

>(Emphasis added.)

In this case, Defendants have moved to dismiss the Complaint under Rule 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(3) (improper venue) in addition to moving under Rule 12(b)(6) (failure to state a claim). By its terms, Rule 12(d) does <u>not</u> apply to a motion to dismiss under either Rule 12(b)(1) or 12(b)(3).

Indeed, in our moving papers, we cited cases holding that the Court is free to consider matters outside the pleadings in evaluating motions to dismiss for lack of subject matter jurisdiction and improper venue (Memorandum in Support of Defendants' Motion to Dismiss, "Defs. Mem.," pp. 10-11, 16), and no shortage of similar authority exists. <u>Romano</u> v. <u>Kazacos</u>, 609 F.3d 512, 520 (2d Cir. 2010) ("if subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings"); <u>Kamen</u> v. <u>American Tel. & Tel. Co.</u>, 791 F.2d 1006, 1011-1011 (2d Cir. 1986) ("Under Rule 12(b), a 'speaking' motion, i.e., <u>a motion that includes evidentiary matters outside the pleadings, is properly converted to a Rule 56 motion only when it is made under Rule 12(b)(6)</u>: failure to state a claim. However, <u>when, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise</u>") (emphasis added); <u>Gist</u> v. <u>United States</u>, 2012 U.S. Dist. LEXIS 5798, *2 (N.D.N.Y. Jan. 17, 2012) ("When deciding such a motion [motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)], the court may consider evidence outside of the pleadings"); <u>Rogers</u> v. <u>United States</u>, 2010 U.S. Dist. LEXIS 129187, *2 n. 1 (S.D.N.Y. Nov. 30, 2010) ("In ruling on a motion to dismiss for lack of subject matter jurisdiction or improper venue, a district court may consider evidence outside the pleadings"); <u>Big Apple Pyrotechnics & Multimedia, Inc.</u> v. <u>Sparktacular, Inc.</u>, 2007 U.S. Dist. LEXIS 17163,

-3-

*4 (S.D.N.Y. Mar. 6, 2007) ("while a motion pursuant . . . 12(b)(3) cannot be converted into a Rule 56 motion, the Court may nevertheless consider the documents submitted outside the pleadings . . .") (emphasis added).

Megibow cites no contrary authority. In fact, he cites no authority at all and does not even acknowledge that Rule 12(d) expressly applies only to motions to dismiss for failure to state a claim under Rule 12(b)(6) and for judgment on the pleadings under Rule 12(c). Based on the applicable law, it was not only entirely proper for Defendants to refer to matters outside the pleadings in support of their motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(3) for improper venue, but Rule 12(d) does not authorize the Court to convert such motions to motions for summary judgment under Rule 56 when matters outside the pleadings are presented.

Since Rule 12(d) is inapplicable to motions to dismiss for lack of subject matter jurisdiction and venue, Megibow is wrong that, unless the Court excludes matters outside the Complaint, the "parties must be given a reasonable opportunity to present all material that is pertinent to the motion." (Declaration of Anthony M. Bentley, dated February 14, 2012, ¶ 4.) If Megibow – who has the burden of establishing both subject matter jurisdiction and venue (Defs. Mem. pp. 11, 16.) – had any materials that he thought were relevant to the issues of subject matter jurisdiction and venue, the time to present those materials was in opposition to Defendants' motion to dismiss. He failed to do so, and Defendants' motion to dismiss should be granted.

As for Defendants' motion to dismiss for failure to state a claim (Defs. Mem. pp. 18-20), the only material outside the Complaint to which Defendants referred was the State Court order dismissing the 2010 Action. (Ex. C.) While Rule 12(d) generally does not permit consideration

-4-

of documents outside the pleadings on a motion to dismiss for failure to state a claim, an exception exists allowing courts to consider documents integral to a complaint and matters of public record.   Eaves v. Designs for Fin., Inc., 785 F. Supp. 2d 229, 244 (S.D.N.Y. 2011) (on motion to dismiss under Rule 12(b)(6), court can consider "documents 'integral' to the complaint and relied upon in it, even if not attached to it or incorporated in it by reference" and "facts of which judicial notice may properly be taken"); Bd. of Managers of the 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., Inc., 652 F. Supp. 2d 463, 471 (S.D.N.Y. 2009) ("Court may properly 'rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including the public record of prior judicial decisions'").

The State Court order is a matter of public record and thus falls within this exception.  As such, if the State Court order is considered, it will not convert the motion to dismiss into a motion for summary judgment.  In deciding whether the Complaint should be dismissed for failure to state a claim, this Court is thus free to look at the State Court order and to determine for itself, drawing on its "judicial experience and common sense," Ashcroft v. Iqbal, 556 U.S. 662, 667, 129 S. Ct. 1937, 1950 (2009), whether Megibow can meet the facial plausibility test when he alleges that the State Court issued its decision because of "inveigling" on the part of Defendants or because Defendants "wrongfully and knowingly persuaded" the State Court to proceed.  (Ex. A.)

In any event, this Court need not even reach the question of whether the Complaint states a claim upon which relief can be granted.  If the Court concludes – as it should – that it lacks subject matter jurisdiction, the Complaint will have to be dismissed, whether or not it states a facially plausible claim.

2.  <u>The Court Lacks Subject Matter Jurisdiction To Review the State Court Order</u>

Megibow does not seem to understand the concept of subject matter jurisdiction. Thus, he contends that this Court can exercise jurisdiction here because there is "obviously a current object of dispute, as it is currently under appeal in state court, thereby satisfying the central remedial requirement of the declaratory judgment act, as it is 'a case of actual controversy within its jurisdiction.'" (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, "Pl. Mem.," p. 2.) There are two problems with this contention.

First, as we pointed out in our main memorandum (Defs. Mem. pp. 11-12), the Declaratory Judgment Act is not itself a basis for exercising federal jurisdiction; "[r]ather, it provides a remedy available only if the court has jurisdiction from some other source." <u>Prasco, LLC</u> v. <u>Medicis Pharm. Corp.</u>, 537 F.3d 1329, 1335 (Fed. Cir. 2008). <u>Accord</u> <u>Great Am. Ins. Co.</u> v. <u>Houston Gen. Ins. Co.</u>, 735 F. Supp. 581, 584 (S.D.N.Y. 1990) ("declaratory judgment action must have an independent basis for jurisdiction and venue, as 28 U.S.C. § 2201 does not create an independent basis for federal jurisdiction").

Megibow has not pointed to any independent basis for federal jurisdiction here. He simply contends that an actual controversy exists. And he is even mistaken about that. For an actual controversy to exist within the meaning of the Declaratory Judgment Act, there must be a need to determine the parties' rights, "not to determine whether rights already adjudicated were adjudicated properly." <u>United States</u> v. <u>Doherty</u>, 786 F.2d 491, 498 (2d Cir. 1986). In this case, as Megibow himself concedes, the State Court has already determined the parties' rights. It therefore eliminated the controversy and the only question that remains is whether it did so correctly, which is a matter for an appellate court to decide – and not the proper subject of a claim for a declaratory judgment.

That leads to the second problem with Megibow's contention. Since Megibow is asking this Court to review the State Court order, his claims are barred by the Rooker-Feldman doctrine. Megibow admits that the issue he wants this Court to decide "is currently under appeal in state court" (Pl. Opp. p. 2), but he fails to appreciate – or chooses to ignore – the significance of his admission.

As we showed in our main memorandum (Defs. Mem. pp. 14-16), the Rooker-Feldman doctrine establishes that district courts "lack subject-matter jurisdiction over claims that effectively challenge state-court judgments." Wilson v. Deutsche Bank Nat'l Trust, 410 Fed. Appx. 409, 410 (2d Cir. 2011). Accord Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 89 (2d Cir. 2005) ("*Rooker-Feldman* is a doctrine of federal subject-matter jurisdiction"); Kaminski v. Comm'r of Oneida County Dep't of Soc. Servs., 804 F. Supp. 2d 100, 105 (N.D.N.Y. 2011) ("District courts have only original jurisdiction, and cannot reverse or modify the judgment of a state court").

Far from denying that he wants this Court to review a State Court order that is currently being appealed to the Appellate Division,[2] Megibow admits that this case concerns a dispute that "is currently under appeal in state court." (Pl. Opp. p. 2.) His claims therefore fall squarely within the Rooker-Feldman doctrine: Megibow was the loser in State Court; he is complaining about a State Court judgment; he has asked this Court to review the State Court judgment; and the State Court judgment preceded the commencement of this action. Accordingly, under the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction over the Complaint.

---

[2] Megibow has again asked the Appellate Division to enlarge his time to appeal so that this Court can decide the same issue that is before the Appellate Division. He is clearly asking this Court to "reverse" a state court judgment, and is also trying to use this action to avoid having to proceed with his appeal on a timely basis. See Ex. L to the Reply Declaration of Fran M. Jacobs.

-7-

3. Megibow's Residence Has Not Been Established
and Is, In Any Event, Irrelevant for Venue Purposes

Megibow's one sentence response to Defendants' venue challenge is that "venue in the Northern District is proper as (see Civil Cover Sheet) Dr. Megibow maintains a residence in Columbia County, and has done so for well over two decades." (Pl. Opp. p. 2.) This statement has no probative value and is a non sequitur.

Venue in this case is governed by 28 U.S.C. § 1391(b) which permits venue to be based in a district where all of the defendants reside, where the acts giving rise to the claim occurred, or, if there is no other district in which the action could be brought, where any defendant is subject to personal jurisdiction. Since none of the Defendants resides in the Northern District, venue is not proper here under 28 U.S.C. § 1391(b)(1). Venue would have been proper in the Southern District of New York because the relevant acts occurred there. But Megibow's residence is completely irrelevant under Section 1391(b). Madison v. Alves, 746 F. Supp. 2d 450, 453 (W.D.N.Y. 2010) (plaintiff's residence irrelevant under 28 U.S.C. § 1391(b)).

Since we pointed out in our moving papers that venue could not be based on Megibow's residence (Defs. Mem. p. 17) – and Megibow cites no contrary authority – it is difficult to see how he can persist in asserting that venue is proper in the Northern District because he "maintains a residence in Columbia County." (Pl. Mem. p. 2.) Even if Megibow's residence were not irrelevant, venue cannot be based on "maintaining a residence." Under 28 U.S.C. § 1391(c)(1), as recently amended, a natural person "shall be deemed to reside in the judicial district in which that person is domiciled." Koons v. Kaiser, 91 F. Supp. 511, 517 (S.D.N.Y. 1950) ("For venue purposes a person is a resident only where he is a citizen and domiciled. In short, he is a resident where he makes his home").

Megibow has produced no evidence that Columbia County is his domicile – the place he makes his home. All he has offered is an ambiguous statement in a memorandum of law that he "maintains a residence in Columbia County." (Pl. Mem. p. 2.) That residence appears to be a country home. Based on the information Megibow provided to the State of New York for licensing purposes, his residence is in New York City. (Ex. E.) But, in the end, it does not matter where Megibow resides because the plaintiff's residence is not considered for venue purposes. Megibow has the burden of showing that venue in this District is proper under 28 U.S.C. § 1391(b), and he has not even tried to sustain that burden.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that Defendants' motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(l), (3), and (6) should be granted in all respects.

Dated: New York, New York
      March 12, 2012

DUANE MORRIS LLP

By: *Fran M. Jacobs*
    Fran M. Jacobs
Email: fmjacobs@duanemorris.com
1540 Broadway
New York, NY 10036-4086
(212) 692-1000
Attorneys for Defendants and
   Attorneys Pro Se