UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALEC J. MEGIBOW, M.D., M.P.H., F.A.C.R.,
individually and on behalf of all similarly
situated,

                              Plaintiff,

        -v-                                          1:12-CV-75

CARON.ORG, d/b/a Caron New York; DUANE
MORRIS, LLP; WOLFBLOCK LLP; and
MASTER DANA B. KLINGES, Esq.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

A.M. BENTLEY, P.C.                        ANTHONY M. BENTLEY, ESQ.
Attorneys for Plaintiff
116 West 72d Street
New York, NY  10023

DUANE MORRIS LLP                          FRAN M. JACOBS, ESQ.
Attorneys for Defendants
1540 Broadway
New York, NY  10036


DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

        On January 16, 2012, plaintiff Alec J. Megibow ("plaintiff" or "Megibow") commenced

this action, purportedly pursuant to 28 U.S.C. §§ 1447, 2201–2202, seeking declaratory

relief.  Plaintiff alleges that defendants deceived the Supreme Court, New York County, into

improperly granting their motion to dismiss an entirely separate action.  Defendants Caron.org ("Caron"), Duane Morris LLP ("Duane Morris"), WolfBlock LLP ("WolfBlock"), and Dana B. Klinges ("Klinges") (collectively "defendants") have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (3), and (6).  Plaintiff opposes the motion, and defendants have replied.  The motion was considered on submit.

## II.  FACTUAL BACKGROUND

The following pertinent facts, taken from the complaint and documents attached thereto, are assumed true for purposes of the motion to dismiss.[1]  Megibow is a licensed physician in the state of New York.  He is a New York resident and "maintains a residence in Columbia County."  Compl. ¶ 2.  Caron is a residential drug and alcohol treatment provider with facilities in New York.  WolfBlock and Duane Morris are New York law firms that have represented Caron in prior lawsuits brought by plaintiff.[2]  Klinges was the Chair of the Litigation Department at WolfBlock and is now a partner at Duane Morris.[3]

In January 2011 Megibow served Caron and WolfBlock with a complaint that had been filed in the Supreme Court, New York County ("the state action").  On February 9, 2011, Caron and WolfBlock removed the state action to federal court in the Southern District of New York.  Megibow then filed a motion to remand the case back to state court.  On March 21, 2011, oral argument was heard by Hon. Paul A. Crotty, United States District Judge for

---

[1]  When deciding a motion to dismiss, a district court may consider documents attached to the complaint as exhibits or incorporated by reference therein.  See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

[2]  Megibow has filed a total of three lawsuits against Caron in New York state courts.  The first lawsuit was settled in March 2009, and the second was dismissed in 2010.  The third lawsuit, served in January 2011, forms the basis of this federal action.

[3]  Although Klinges is named as a defendant, there are no specific allegations against her anywhere in the complaint.

the Southern District of New York.  An order was entered the following day granting plaintiff's motion to remand the case back to the Supreme Court, New York County.

On March 25, 2011, Caron and WolfBlock filed a motion to dismiss the state action in the state court.  These defendants also filed a "Request for Judicial Intervention" in that court on March 28, 2011.  Certified copies of the federal court docket entries and the remand order were mailed from the Southern District on April 4, 2011, and were received in the state court on April 5, 2011.  The motion to dismiss was ultimately granted.[4]  Megibow appealed to the New York Appellate Division, First Department, where the state action remains pending.

## III.  DISCUSSION

Megibow alleges that the state court did not have proper jurisdiction to grant Caron and WolfBlock's motion to dismiss the state action because the motion was filed before the case was formally remanded from the Southern District of New York.  He claims that defendants deceived the state court into proceeding with the case before it had received a certified copy of the federal docket sheet and remand order.  Plaintiff seeks an order declaring invalid any action taken by the Supreme Court, New York County, prior to April 4, 2011.  Defendants maintain that the complaint must be dismissed for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

A district court properly dismisses a case for lack of subject matter jurisdiction where it "lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  Subject matter jurisdiction may be based on either a federal question or the complete diversity of citizenship of the parties.  28 U.S.C. §§ 1331, 1332

---

[4]  Notably, plaintiff does not advise when the state court granted the motion.  Defendants assert that it was granted on June 7, 2011.

(2006); Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002).  Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted).  When deciding a motion to dismiss brought pursuant to Rule 12(b)(1) a court may consider documents and other evidence outside of the pleadings.[5] Makarova, 201 F.3d at 113.  The plaintiff bears the burden to prove the existence of subject matter jurisdiction by a preponderance of the evidence.  Id.

    In his complaint, Megibow does not invoke § 1331 or § 1332.[6]  Nor does he identify any specific federal substantive law that defendants allegedly violated or that provides an independent cause of action.  He instead attempts to base jurisdiction on § 1447 ("the removal statute") and §§ 2201–2202 ("the Declaratory Judgment Act").  He essentially alleges that defendants deceived the state court into prematurely acting on a motion to dismiss in violation of § 1447(c).  As a remedy, he seeks a declaratory judgment pursuant to §§ 2201–2202.

    However, the removal statute is merely procedural and does not create an independent federal cause of action or a basis for subject matter jurisdiction.  See Orange Cnty. Water Dist. v. Unocal Corp., 584 F.3d 43, 49 (2d Cir. 2009) (per curiam) ("Where state and federal courts share subject matter jurisdiction, a removal statute may provide the

---

        [5]  Therefore, plaintiff's objection to defendants' submission of various documents that are outside the pleadings is unpersuasive.  Such documents may be considered for purposes of a subject matter jurisdiction analysis.  It is noted, however, that the resolution of this motion to dismiss does not require consideration of the exhibits attached to defendants' motion paperwork.

        [6]  Subject matter jurisdiction cannot be based on § 1332 as all parties are undisputably residents of New York.

procedural mechanism for transferring a case from one court to another, but the removal statute is not the source of subject matter jurisdiction.").  Similarly, the Declaratory Judgment Act provides a district court with the discretion to declare the legal rights and relations of interested parties, but it too is only procedural and does not provide an independent basis for subject matter jurisdiction.  See Chevron Corp. v. Naranjo, 667 F.3d 232, 244–45 (2d Cir. 2012) (noting that "that discretion does not extend to the declaration of rights that do not exist under law").

In short, neither the removal statute nor the Declaratory Judgment Act provides an independent cause of action or substantive legal rights.  Megibow thus cannot establish the existence of subject matter jurisdiction.[7]  Accordingly, defendants' additional arguments regarding venue and the merits of plaintiff's claim need not be considered, and the motion to dismiss will be granted.

## IV.  CONCLUSION

Neither the removal statute nor the Declaratory Judgment Act provides a basis for subject matter jurisdiction.  Plaintiff does not allege any violation of federal substantive law that would give rise to a federal cause of action.

Therefore, it is

ORDERED that

---

[7] Further, the Rooker–Feldman doctrine mandates dismissal of the complaint as plaintiff specifically seeks a declaratory judgment invalidating the state court's dismissal of the state action.  See Morrison v. City of New York, 591 F.3d 109, 112 (2d Cir. 2010) (the Rooker–Feldman doctrine provides that lower federal courts do not have subject matter jurisdiction to review final judgments of state courts where:  (1) the plaintiff lost in state court before the federal court proceedings started; (2) plaintiff complains of injuries caused by the state court judgment; and (3) plaintiff asks the district court to review and reject the state court judgment). The relief Megibow requests is instead properly sought from the New York Appellate Division, First Department, where it is pending.

1.  Defendants' motion to dismiss (Dkt. No. 9) is GRANTED; and

2.  The complaint is DISMISSED in its entirety with prejudice.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly.

_____
United States District Judge

Dated:  September 24, 2012
        Utica, New York.